UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TIERANEY GLOVER,

                                 **ORDER ADOPTING REPORT**
                                 **AND RECOMMENDATION**

              Plaintiff,

  -against-                        14-CV-4006 (KAM)(LB)

FEDERATION OF MULTICULTURAL PROGRAMS,

              Defendant.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

        On June 26, 2014, plaintiff Tieraney Glover ("plaintiff") commenced this action against the Federation of Multicultural Programs ("FMP" or "defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et seq.* (*See generally* ECF No. 1, Complaint filed 6/26/14.) According to the Complaint and attached exhibits, plaintiff was discriminated against based on her sex by the president and CEO of FMP, Danny King. (ECF No. 16, Report and Recommendation dated 6/15/15 at 1 ("R&R"), citing Compl.[1]) Plaintiff alleges that, between June 2010 and August 2013, Mr. King bullied her and subjected her to disparate treatment because of her sex, including writing off her unused leave, improperly transferring her, wrongfully terminating her, and harassing her family

---

[1] As discussed below, the parties have not objected to Judge Bloom's Report and Recommendation, including its recitation of the facts, which are summarized herein.

members who continued to work at FMP after plaintiff's termination. (*Id.* at 1-2.) Plaintiff presented her claims to the New York State Division of Human Rights ("NYSDHR") on August 16, 2013, but the NYSDHR dismissed her complaint after finding, *inter alia*, a lack of probable cause to believe FMP engaged in the alleged discriminatory practice, legitimate reasons for FMP's actions regarding plaintiff, and that plaintiff failed to identify adverse employment actions taken against her by FMP. (*Id.* at 2-3.) Plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), but the EEOC adopted the NYSDHR's findings, declined to prosecute plaintiff's case, and sent her a Notice of Dismissal and Right-to-Sue advising plaintiff that any lawsuit must be filed within 90 days of receiving the notice. (*Id.* at 3.)

On November 12, 2014, defendant moved to dismiss the Complaint as untimely, pursuant to Federal Rule of Civil Procedure 12(b)(6), because plaintiff filed it one day after the 90-day statutory period had lapsed. (ECF No. 13, Mem. of Law In Support Of Def.'s Mot. to Dismiss the Compl.) In the alternative, FMP seeks dismissal of plaintiff's claims that predate the 300-day statute of limitations period for filing a Title VII claim with the EEOC or corresponding state agency, and dismissal of any remaining claims for failure to state a claim of discrimination upon which relief can be granted. (*Id.*)

Plaintiff opposed FMP's motion, stating that she was required to wait for an unemployment check in order to make the necessary copies for her complaint and filed this case on the day she believed to be the 90-day deadline. (*See* ECF No. 14, Letter from Ms. Glover dated 11/2/14.) On April 23, 2015, the court referred defendant's motion to the Honorable Lois Bloom for a Report and Recommendation. (*See* Order Referring Motion dated 4/23/15.)

On June 15, 2015, Judge Bloom issued a Report and Recommendation recommending that plaintiff's complaint be dismissed in its entirety with prejudice. (R&R at 1, 15-16.) Judge Bloom recommended that plaintiff's complaint be dismissed as time-barred because it was filed 91 days after plaintiff received the EEOC's Notice of the Right to Sue and plaintiff failed to demonstrate that she was entitled to equitable tolling. (*Id.* at 5-9.) Additionally, even if the Complaint had been timely filed, Judge Bloom recommended dismissal of plaintiff's discrimination claim insofar as it was based on allegations prior to October 20, 2012, 300 days prior to plaintiff filing a charge with the NYSDHR. (*Id.* at 9-10.) The R&R also recommended dismissal of the Complaint because plaintiff failed to allege adverse employment actions within the meaning of Title VII or facts from which the court could infer that FMP discriminated against plaintiff based on her sex or

3

gender. (*Id.* at 10-15.) Finally, Judge Bloom recommended that plaintiff be denied leave to replead, as plaintiff's claims were time-barred and any amendment would be futile. (*Id.* at 15.)

The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report. (*See* R&R at 16 (citing 28 U.S.C. § 636(b)(1)).) Notice of the R&R was sent to defendant via the court's electronic filing system and to plaintiff via first class mail at her last and only known address as reflected on the docket. The statutory period for filing objections has expired, and to date, no objections have been filed. (*See generally* Docket No. 14-cv-4006.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The court has carefully reviewed the Complaint, attached exhibits, and Judge Bloom's well-reasoned and thorough

4

Report and Recommendation and finds no clear error. Accordingly, the court affirms and adopts in its entirety the Report and Recommendation as the opinion of the court.  In adopting the Report and Recommendation, the court finds that plaintiff's complaint is untimely and fails to state a claim upon which relief can be granted.  Accordingly, defendant's motion is granted in its entirety, and the complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Clerk of Court is respectfully directed to enter judgment in favor of defendant, mail copies of this decision and the judgment to plaintiff, and close this case.

**SO ORDERED.**

Dated:   July 29, 2014
         Brooklyn, New York

                                      _____/s/_____
                                      Kiyo A. Matsumoto
                                      United States District Judge